ORIGIN

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 APR 26  PM 2: 16

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES PETERSON,

       Plaintiff,

    vs.

JAMES DONALD, JANET BREWTON,
ALBERT PORTER, STEVE ROBERTS,
JACKIE KELSEY, HUGH SMITH,
JOHN W. PAUL, and LOUISE SMITH,

       Defendants.

CIVIL ACTION NO.:CV605-136

## ORDER

After an independent review of the record, the Court concurs with the Report and Recommendation of the Magistrate Judge, to which Plaintiff filed Objections.  In his Objections, Plaintiff attempts to expand upon the limited information he provided in his Complaint.  Plaintiff maintains that Defendants are discriminating against prisoners by keeping them in lock down and away from the general population.  Plaintiff contends that  he spoke with a counselor and Defendant Porter who told him that he would not be transferred or placed in general population because of his HIV status.  Plaintiff has provided a series of dates on which he asserts that he wrote several Defendants about this discrimination.

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  A disparate treatment claim requires establishing that similarly situated inmates were not similarly treated and that prison officials engaged in invidious discrimination based on race, religion, national origin, poverty, or some other constitutionally protected interest. See Thomas v. Georgia State Bd. of Pardons & Paroles, 881 F.2d 1032, 1034 n. 3 (11th Cir. 1989) (addressing equal protection claims brought under 42 U.S.C. § 1983 attacking parole decisions).

AO 72A
(Rev. 8/82)

Liberally construed, Plaintiff has not satisfied the requirements for asserting an equal protection claim against Defendants.   The segregation of HIV positive prisoners is not unconstitutional.  Segregating HIV positive inmates is within the wide deference afforded prison administrators.  See Sandin v. Conner, 515 U.S. 472, 482-83, 115 S. Ct. 2293, 132 L. Ed.2d 418 (1995) (providing wide deference and flexibility to prison officials in the management of prison facilities).  Prisoners with HIV may be segregated from the rest of the prison population to protect the proliferation of the disease in other inmates.  See Anderson v. Romero, 72 F.3d 518, 526 (7th Cir. 1995) (addressing the prevalence of HIV, violence, and homosexual sex in prisons); see also O.C.G.A. § 42-5-51.1(e) (2005) (allowing for the separation of HIV prisoners from the general population).  Plaintiff has merely asserted that he is unable to rejoin the general population or receive a transfer to another prison.  Plaintiff has not asserted a proper equal protection claim because he has not asserted that he is treated any differently from similarly situated prisoners.

Plaintiff's Objections are without merit.   The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court.  Plaintiff's Complaint is **DISMISSED**.  The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 26 day of _____April_____, 2006.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2